---

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | No.: |
| Plaintiff | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| MORAVIAN COLLEGE, ROLAND CASH-MABRY, ROBERTO DIAZ, AND DOMINIC HARRIS a/k/a DOM HARRIS, Individually and Jointly, | ) ) ) ) | |
| | ) | |
| Defendants | ) | |

## <u>PETITION FOR REMOVAL OF CIVIL ACTION</u>

AND NOW, comes Defendant, MORAVIAN COLLEGE, by and through its counsel, Marshall, Dennehey, Warner, Coleman & Goggin, and files the within Petition for Removal of Civil Action from the Court of Common Pleas of Northampton County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, representing as follows:

1.     The above action was initiated on August 22, 2019 by "Jane Doe" in the Court of Common Pleas of Northampton County, Pennsylvania, by the filing of a Writ of Summons.

2.     Thereafter Plaintiff "Jane Doe" filed a complaint on December 13, 2019 against the above-captioned Defendants.  A true and correct copy of plaintiff's complaint is attached hereto as Exhibit "A".

3.     Plaintiff has asserted claims against removing defendant Moravian College pursuant to Title IX of the Civil Rights Act of 1964, 20 U.S.C., §l681 - 1688 et seq. as well as state

law claims against Moravian College and the codefendants pursuant to Pennsylvania common law.

4.      This Court has original jurisdiction over Plaintiff's claims under Title IX against Moravian College pursuant to 28 U.S.C. §1331 and §1343 and the cause of action is thereby removed to this Court pursuant to the procedures authorized by 28 U.S.C. §1441(a) and (c).

5.      Jurisdiction of this matter lies with this Court because plaintiff is pursuing claims under federal law including claims under Title IX of the Civil Rights Act of 1964, 20 U.S.C., §l681 - 1688 (Counts I - III).

6.      Plaintiff served defendant Moravian College with her complaint via electronic mail on December 20, 2019.

7.      This Notice of Removal has been filed within thirty (30) days after receipt by Defendant Moravian College of the Complaint in accordance with 28 U.S.C. §1446(b).

8.      Codefendants Roland Cash-Mabry, Roberto Diaz and Domenic Harris are not currently represented by counsel however Moving Defendant has notified codefendants of this petition for removal of this matter to federal court and requested such defendants' consent to the within Petition for Removal.  No response to moving defendant's request has been provided to date.

9.      Regardless, the claims against codefendants are properly severed from the claims against moving defendant and therefore this matter is properly removed to this honorable court pursuant to 28 U.S.C. §1446(c).

10.      Written notice of the filing of this Notice of Removal has been given to the adverse party in accordance with 28 U.S.C. §1446(d) and as noted in the attached Certificate of Service.

11.     Promptly after filing with this Honorable Court and with the assignment of a Civil

Action Number, a copy of this Notice of this Removal will be filed with the Court of

Common Pleas of Northampton County, Pennsylvania in accordance with 28 U.S.C.

§1446(d).

WHEREFORE, Defendant, Moravian College respectfully requests that this

Honorable Court remove the above-captioned action pending in the Court of Common

Pleas of Northampton County, Pennsylvania to the United States District Court for the

Eastern District of Pennsylvania.

Respectfully submitted:

**MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGG IN, P.C.**

Date:  January 17, 2020            By:____*/s/ Paul G. Lees*_____
                                   Paul G. Lees, Esquire
                                   Identification No. 68886
                                   4905 W. Tilghman Street, Suite 300
                                   Allentown, PA 18104
                                   (484) 895-2321
                                   (484) 895-2303 (fax)
                                   Email: pglees@mdwcg.com
                                   *Attorneys for Defendant*
                                   *Moravian College*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | No.: |
| Plaintiff | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| MORAVIAN COLLEGE, ROLAND CASH-<br>MABRY, ROBERTO DIAZ, AND DOMINIC<br>HARRIS a/k/a DOM HARRIS,<br>Individually and Jointly, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

## <u>CERTIFICATION</u>

I, PAUL G. LEES, ESQUIRE, hereby certify that the facts set forth in the foregoing

Notice of Removal are true and correct to the best of my knowledge, information and belief.

**MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGG IN, P.C.**

Date:  Januaruy 17, 2020      By:___*/s/ Paul G. Lees*_____
Paul G. Lees, Esquire
Identification No. 68886
4905 W. Tilghman Street, Suite 300
Allentown, PA 18104
(484) 895-2321
(484) 895-2303 (fax)
Email: pglees@mdwcg.com
*Attorneys for Defendant*
*Moravian College*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Notice of Filing of Petition for Removal was served on the following counsel of record via U.S. Mail, postage prepaid, on January 17, 2020:

John R. Vivian, Jr., Esquire
831 Lehigh Street
Easton, PA  18042
Attorney for Plaintiff

Adam D. Meshkov, Esquire
Eleanor M. Breslin, Esquire
830 Lehigh Street
Easton, PA  18042
Attorneys for Plaintiff

Roland Cash Mabry
625 Broadway
Bethlehem, PA 18015

Roberto Diaz
425 Pierce Street
Bethlehem, PA 18015

Dominic Harris
3237 East Blvd
Bethlehem, PA 18017

**MARSHALL, DENNEHEY, WARNER COLEMAN & GOGG IN, P.C.**

Date:  January 17, 2020

By:   */s/ Paul G. Lees*
Paul G. Lees, Esquire
Identification No. 68886
4905 W. Tilghman Street, Suite 300
Allentown, PA 18104
(484) 895-2321
(484) 895-2303 (fax)
Email: pglees@mdwcg.com
*Attorneys for Defendants*
*Circle of Seasons Charter School*
*Scott Lesko, Pamela Zebrine, Kimberly*
*Heiman, Christopher Herztog,*
*Dr. Darin Mazepa, Kalyna Procyk and*
*Cory Reinhardt*

# EXHIBIT "A"



IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | | |
|---|---|---|
| JANE DOE, | ) | No. C-0048-CV-2019-7701 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MORAVIAN COLLEGE, ROLAND CASH- | ) | |
| MABRY, ROBERTO DIAZ, and | ) | |
| DOMINIC HARRIS a/k/a DOM HARRIS, | ) | |
| Individually and Jointly, | ) | CIVIL ACTION |
| Defendants. | ) | JURY TRIAL DEMANDED |

### *NOTICE*

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff (s).  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL SERVICE
155 South Ninth Street
Easton, PA  18042
Telephone:  (610) 258-6333

The Court of Common Pleas is required by law to comply with the Americans with Disabilities Act of 1990.  For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please call (610) 559-3000.  All arrangements must be made at least 72 hours prior to any hearing or business before the Court.  You must attend the scheduled conference or hearing.

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| JANE DOE, | ) | No. C-0048-CV-2019-7701 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MORAVIAN COLLEGE, ROLAND CASH- | ) | |
| MABRY, ROBERTO DIAZ, and | ) | |
| DOMINIC HARRIS a/k/a DOM HARRIS, | ) | |
| Individually and Jointly, | ) | CIVIL ACTION |
| Defendants. | ) | JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff, Jane Doe (hereinafter referred to as the Plaintiff), by and through her attorneys, John R. Vivian, Jr., Esquire and Adam D. Meshkov, Esquire, and Eleanor Breslin, Esquire, brings the following civil action Complaint against the Defendant Moravian College (hereinafter Moravian), Defendant Roland Cash-Mabry (hereinafter Cash-Mabry), Defendant Robert Diaz (hereinafter Diaz), and Defendant Dominic Harris a/k/a Dom Harris (hereinafter Harris) and respectfully avers as follows:

1.    Plaintiff Jane Doe, is an adult individual residing in the Commonwealth of Pennsylvania, and at the time of the incident complaint of herein was a matriculated student at Defendant Moravian on August 25, 2017 and was residing on the campus of Defendant Moravian. Plaintiff is using the Jane Doe pseudonym because of the sensitive nature of the incidents complained of herein and the embarrassment and shame caused by the incidents described hereinafter in this Complaint.

2.     Defendant Moravian, is upon information and belief a validly existing organization or institution believed to be a non-profit corporation of an educational nature, with its principle place of business at 1200 Main Street, City of Bethlehem, County of Northampton, Pennsylvania 18018 and at all times material hereto said Defendant Moravian was providing resident education to the Plaintiff including living quarters under their control at their main campus located at the aforementioned address.

3.     Defendant Cash-Mabry is an adult individual residing at 625 Broadway, Bethlehem, County of Northampton, Commonwealth of Pennsylvania, and is also believed to maintain a residence on the campus of Defendant Moravian.

4.     Defendant Diaz is an adult individual residing at 425 Pierce Street, Bethlehem, County of Northampton, Commonwealth of Pennsylvania, and is also believed to maintain a residence on the campus of Defendant Moravian.

5.     Defendant Harris is an adult individual residing at 3237 East Blvd., Bethlehem, County of Northampton, Commonwealth of Pennsylvania, and is believed to be a student matriculated at Bloomsburg University and maintaining residence at Bloomsburg University. At all times mentioned herein, the Defendant Harris was a visitor present on the campus of Defendant Moravian during the incidents complained of hereinafter.

## JURISDICTION

6.     This Court has Jurisdiction over this matter as Plaintiff's claims arise under Title IX of the Civil Rights Act of 1964, 20 U.S.C., §1681 - 1688 et seq., as amended by the civil rights of 1972 and 42 U.S.C., §1983. Jurisdiction under this Act is not exclusively federal; and therefore this Court may entertain this action by law.  The matter in controversy exceeds the sum

2

or value of Fifty Thousand ($50,000.00) Dollars exclusive of interest and costs as to each and every Cause of Action and Count as set forth hereinafter.

## VENUE

7.      Venue is proper in this Court pursuant to PA. R.C.P., No. 1006(a)(1)(2)(b) and (c) (1).

## FACTUAL BACKGROUND ALLEGATIONS COMMON TO ALL COUNTS

8.      Plaintiff matriculated and began her education at Defendant Moravian in August 2017 and completed her first year at Defendant Moravian ending in May 2018, during which time in addition to completing her classwork she was a member of the Moravian Cheerleading Squad.  Plaintiff transferred following completion of her first year to another Pennsylvania college where she is still matriculated.

9.      Defendant Cash-Mabry is believed to have been a Defendant Moravian student enrolled and in attendance at Defendant Moravian during the year 2017 - 2018, and is believed to still be a student in attendance at Defendant Moravian and a member of the Track Team in addition to pursuing his studies.

10.      Defendant Diaz is believed to have been a Defendant Moravian student  enrolled and in attendance at Defendant Moravian during the year 2017 - 2018, and is believed to still be a student in attendance at Defendant Moravian and a member of the Football Team in addition to pursuing his studies.

11.      Defendant Harris is believed to have been a student and matriculated at Bloomsburg University with a permanent residence in the City of Bethlehem, and at all times

3

mentioned herein was a visitor on the campus of Defendant Moravian at the time of the incident complained of hereinafter.

12.     On or about August 24, 2017, Plaintiff attended a celebration following the end of pre-season cheerleading.

13.     At the time, date and place aforesaid the cheerleaders from Defendant Moravian went to a restaurant known as On the Border for dinner, where she ate and did not consume any alcoholic beverages.

14.     Following dinner at On the Border, the Plaintiff went to the cheerleading house arriving at approximately 7:00 p.m.; known as the "cheerleading house" located in the Hillside Complex 4 on the Campus of Defendant Moravian and believed to be owned by the Defendant Moravian.

15.     While at the Cheerleading House, the Plaintiff (who was underage) consumed alcoholic beverages consisting of Malibu Coconut Rum and at least one beer. This alcohol is believed to have been provided by the cheerleaders who were over the age of 21 to the Plaintiff and other minors.

16.     At approximately 11:40 p.m., on August 24, 2017, the cheerleaders that remained at the party decided to walk to a residence known as the "Football House", a residence located at 127 West Laurel Street, City of Bethlehem, County of Northampton, Commonwealth of Pennsylvania. Plaintiff believes and therefore avers that 127 West Laurel Street is located on the campus of Defendant Moravian and is in fact owned by Defendant Moravian.

4

17.     Upon arrival at the Football House there were approximately 20 or more males in the house and an unauthorized party was in process. To the best of Plaintiff's belief, she did not consume any alcoholic beverages while at the Football House.

18.     After arriving at the party the Plaintiff felt dizzy and sick and at that time she was provided with a sealed bottle of water, which Plaintiff consumed. Following the consumption of that water, the empty water bottle was refilled with what the Plaintiff believed to be water and she consumed five to six of the refilled water bottles. Following the consumption of the water the Plaintiff felt dizzy and was not feeling well she believed from drinking too much water at the party.

19.     While at the football house party the Plaintiff was approached by Defendant Harris and various conversations ensued and approximately ten to fifteen minutes after the other cheerleaders had vacated the party the Plaintiff believes that she informed Defendant Harris and Defendant Cash-Mabry that she was going to go back to her dorm room whereupon Defendants Harris and Cash-Mabry began to walk her back to her dorm room.

20.     During the walk from the football house to Plaintiff's dorm, the Plaintiff believes that she had to go to the bathroom and that she was informed by Defendant Harris that Defendant Cash-Mabry's dorm was on the way and that they could stop there to use the bathroom. Plaintiff believes that she agreed to that plan.

21.     At some time during the walk from the football house to Plaintiff's dorm, the Plaintiff believes and therefore avers that the Defendants Harris or Cash-Mabry either placed a phone call, sent a text message and/or other electronic communication to Defendant Diaz alerting him to the fact Defendant Harris and Defendant Cash-Mabry were taking the Plaintiff Jane Doe

to Defendant Cash-Mabry's dorm room. It is believed and therefore averred that either one or both of these two Defendants suggested, inferred, or alluded to their intent to have a "three some" with Plaintiff Jane Doe and invited Defendant Diaz to participate in this planned endeavor.

22.     Upon arriving at the Austin-Spangenberg House on Campus, the location of Defendant Cash-Mabry's residence on the Defendant Moravian's Campus referred to as a section called "Spang-F"; the Defendants Cash-Mabry and Harris showed the Plaintiff the upstairs bathroom, which Plaintiff recalls using.

23.     After leaving the bathroom the Plaintiff's next memory is being in a bedroom (believed to be Defendant Cash-Mabry's room in Spang-F) and at that point remembers the Defendants removing her clothing and all three Defendants taking turns orally and vaginally penetrating the Plaintiff Jane Doe.

24.     Plaintiff does not remember the full encounter and is unsure whether she blacked out during these assaults. Plaintiff does remember moments of the various encounters; and in specific, Defendant Diaz pulling her hair, hitting her and using excessive force while instructing her to perform oral sex on Defendant Cash-Mabry. Plaintiff remembers language being used toward her such as bitch and other derogatory terms on a repeated basis and recalls the bedroom door occasionally opening and closing and lights flashing.

25.     Plaintiff was unaware whether or not the flashings were a flashlight or some sort of video or camera device.

26.     Plaintiff believes and therefore avers that she never consented to the sexual

assaults, and that as a result of either intoxication or unknown ingestion of drugs that she lacked

the capacity to consent to these sexual assaults.

27.     Following the sexual incidents occurring in Defendant Cash-Mabry's room, the

next memory of the incident of the Plaintiff was somehow putting her shoes back on, taking her

purse and going to the bathroom located across from Defendant Cash-Mabry's room.  Plaintiff

recalls crying in the bathroom and wanting to leave the Defendant Cash-Mabry's room and when

she left the bathroom Defendant Harris was waiting in the hallway and informed her he was

taking her back to her dormitory building.

28.     Plaintiff believes and therefore avers that during the heretofore described non-

consensual sexual assaults, that the Defendants Harris, Cash-Mabry, and Diaz either individually

or jointly, filmed on video some of the various sexual acts being committed against the Plaintiff

Jane Doe without her permission and/or consent.

29.     Plaintiff believes and therefore avers that the Defendants Harris, Cash-Mabry, and

Diaz further without the Plaintiff Jane Doe's permission published these various video or

"snaps" to various other students at Defendant Moravian, their friends and acquaintances by

electronic means also without her express consent and/or permission.

30.     Plaintiff believes and therefore avers that a policy prohibiting the dissemination of

such visual images by electronic means or otherwise existed under Defendant Moravian's

established policies, and, in fact, was/is illegal under Pennsylvania Law.

31.     Plaintiff believes and therefore avers that at some point during the walk when

Defendant Harris was accompanying Plaintiff Jane Doe back to her dormitory building that the

7

subject of videotaping of the sexual assault was discussed between the Plaintiff Jane Doe and

Defendant Harris. Plaintiff Jane Doe has no memory of that particular conversation, but it is

believed and averred that the Defendant Harris informed the Plaintiff in no uncertain terms that

there were no video tapes of what had occurred in Defendant Cash-Mabry's dormitory room,

according to a statement given by Defendant Harris to Defendant Moravian's Title IX

investigators.

      32.     Plaintiff believes and therefore avers that beginning after the sexual assaults and

continuing into the next day that the Defendants Harris, Cash-Mabry, and Diaz were engaging in

text based discussions with Defendant Moravian College students and others who had received

the images electronically sent by the Defendants Harris, Cash-Mabry, and Diaz concerning the

non-consensual sexual assault incident heretofore described.

      33.     Plaintiff believes and therefore avers that at least one of the cell phones of the

Defendant assailants was obtained by the Bethlehem Police Department (BPD) and upon

extraction that there were comments from at least one of the individual assailants, which read as

follows:

> "We took her virginity" ; "Y'all really violated that girl"; "She was calling us Daddy";
> "She was fingering herself, I never saw a girl do that"; "She was crying in the bathroom";
> "So, we may have a case";  and "Yeah, cuz Berto punched her".

      34.     Plaintiff believes and therefore avers that all three Defendants Harris, Cash-

Mabry, and Diaz were involved in the texting backing and forth about the incident along with

other individuals.

8

35. Plaintiff has no recollection of any conversation happening during Defendant Harris accompanying her back to her own dormitory building. She also does not actually recall getting inside her dorm building (Wilhelm Hall) or going upstairs to her dorm room.

36. Plaintiff woke up the next morning wearing the clothes from the night before and remembered portions of the assaults that came back to her upon awakening.

37. On or about that morning of August 25, 2017, upon awakening the Plaintiff met her parents since it was freshman orientation day, and having received a text from her roommate and an R.A., she left her parents and informed an R.A., what had happened and thereafter formally reported the assault to campus security.

38. Following the formal report to campus safety, the Plaintiff was introduced to a Bethlehem Police Detective, one Moses Miller of the BPD.

39. Following the formal report to campus safety, the BPD began an investigation into the incident and a Title IX Investigation was also begun by the Defendant Moravian.

## FIRST CAUSE OF ACTION
### COUNT I

### CLAIM UNDER TITLE IX (20 U.S.C.A. §1681) SEXUAL ASSAULT
### PLAINTIFF JANE DOE V. DEFENDANT MORAVIAN COLLEGE

#### JANE DOE

vs.

#### MORAVIAN COLLEGE

40. Plaintiff incorporates by reference paragraphs one through thirty nine, as though same were set forth fully and at length herein.

41.     Title IX (20 U.S.C.A. §1681), provides in subsection (a), Subject to certain exceptions, that "(n)o person in the United States shall on the basis of sex be excluded from participation in, be denied the benefits of, or be subject to discrimination under any Education Program or activity receiving Federal Financial Assistance," where the Plaintiff Jane Doe, as Student, was sexually abused and harassed by the individual Defendants Harris, Cash-Mabry, and Diaz.

42.     Plaintiff was subjected to a violent sexual attack as set forth above.

43.     Defendant Moravian, at all times material hereto, was consciously deliberately indifferent to this sexual assault that was so severe, pervasive, and objectively offensive as to deprive the Plaintiff the educational benefit opportunities provided by the Defendant Moravian. Although the Defendant Moravian began a Title IX Investigation, the deliberate indifference to the sexual assault and actual policy violation concerning texting and dissemination of information constitute a deliberate indifference causing the Plaintiff Jane Doe to undergo repeated harassment and subjecting her to and making her vulnerable to that harassment during her entire tenure at Defendant Moravian following the event.

44.     As a direct and proximate result of Defendant Moravian's deliberate indifference by and through its agents, servants and employees as set forth above, and as a substantial factor in bringing about the injuries to the Plaintiff, Plaintiff Jane Doe has been caused to suffer mental and physical pain, anguish and agony, which Plaintiff has suffered, yet suffers, and will continue to suffer, for an indefinite time in the future.

45.     Further, Plaintiff avers that she has sustained other injuries including bruising, contusions, and contraction of a STD.

46.     As a result of the aforesaid Defendant Moravian's deliberate indifference and willful misconduct by and through its agents, servants and employees, Plaintiff Jane Doe has undergone in the past and will in the future continue to undergo and suffer great physical pain and emotional distress and anguish, all of which may continue in the future.

47.     As a result of the aforesaid Defendant Moravian's deliberate indifference and willful misconduct by and through its agent, servants and employees, Plaintiff has suffered the loss of the enjoyment of her usual duties and life's pleasures and activities, all to her great detriment and loss and will continue to suffer same into the future.

48.     As a result of the aforesaid Defendant Moravian's deliberate indifference and willful misconduct by and through its agent, servants and employees, the Plaintiff Jane Doe was detrimentally affected in her educational pursuits, affecting her grades, her completion of classwork, and her ability to feel safe and secure in her residence, all of which created a hostile educational environment for Plaintiff Jane Doe at Defendant Moravian's main campus.

49.     As a result of the aforesaid Defendant Moravian's deliberate indifference and willful misconduct by and through its agent, servants and employees, caused the Plaintiff Jane Doe undue stress, discord, anxiety and affected both her physical and emotional health and well being and her ability to participate fully in her student activities both academically and socially.

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant Moravian for an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs and reasonable attorneys' fees.

## COUNT II

### CLAIM UNDER TITLE IX (20 U.S.C.A. §1681) DAVIS CLAIM FOR HOSTILE COLLEGIATE ENVIRONMENT PLAINTIFF JANE DOE V.  DEFENDANT MORAVIAN COLLEGE

### JANE DOE

#### vs.

### MORAVIAN COLLEGE

50.     Plaintiff incorporates by reference paragraphs one through forty nine, as though same were set forth fully and at length herein.

51.     Title IX (20 U.S.C.A. §1681), provides in subsection (a), Subject to certain exceptions, that "(n)o person in the United States shall on the basis of sex be excluded from participation in, be denied the benefits of, or be subject to discrimination under any Education Program or activity receiving Federal Financial Assistance," where the Plaintiff, a Student, was sexually abused and harassed by the Defendants Harris, Cash-Mabry and Diaz.

52.     As set forth heretofore in the Complaint, following the first report made to Campus Security, the Plaintiff Jane Doe was subjected to the continual presence of the Defendants Cash-Mabry and Diaz on the Campus of Defendant Moravian despite the entry of a "No Contact Order"; and in fact; the No Contact Order was not strictly enforced against the Defendant attackers, and conversely the Defendant Moravian, offered no remedies to the victim in this matter, Plaintiff Jane Doe, who was subjected to publications and dissemination of video recordings of the actual sexual assault in violation of school policy.

53.     Plaintiff Jane Doe believes and avers that after the assault, the attackers' continued presence not only on the campus, but in and at various athletic events including those

12

where the Plaintiff was participating in cheerleading, was and should have been ruled a violation

of the No Contact Order and that same was not enforced and having to endure the continued

presence of the Defendants attackers deprived her of the institution's educational benefits and

opportunities.

54.     Plaintiff Jane Doe believes and avers that the complete inaction of the Defendant

Moravian with respect to the violation of numerous Defendant Moravian policies including

condonation of underage drinking, condonation of an unauthorized party, condonation of

electronic transfer of inappropriate images, all remained unaddressed by the Defendant

Moravian; and therefore, constitute deliberate indifference in the wake of this sexual assault.

55.     Plaintiff Jane Doe believes and avers that the Defendant Moravian's failure to

appropriately respond to, discipline, or in any way effectively address the issues of underage

drinking, and unauthorized parties, and violation of dissemination of sexually explicit materials

by electronic means, all of which involved the conduct of her attackers resulted in the Defendant

failing in its duty under Title IX to prevent future harassment and contact by the violent, sexual

predators, Defendants Cash-Mabry and Diaz.  Therefore, it is believed and averred that the

severity of the harassment, was within the actual and/or constructive notice of the Defendant

Moravian, and that the Defendant Moravian exhibited deliberate indifference to this harassment

by taking absolutely no corrective action concerning these established violations of polices

outside the area of the violent sexual assault that was perpetrated upon the Plaintiff Jane Doe by

the individual assailants listed herein.

56.     Plaintiff Jane Doe as a direct and proximate result of the deliberate indifference of

the Defendant Moravian, following this violent sexual assault allowed this hostile collegiate

environment under the standards extant in <u>Davis v. Monroe County Board of Education, et al.,</u> <u>119 S.Ct. 1661 (1999).</u>

57.     Plaintiff believes and therefore avers that under the facts following the attainment of knowledge by the Defendant Moravian's employee, agent and servant, Ms. Breisch, that Defendant Moravian did not act promptly given the nature of this sexual assault, which was so severe that it effectively in the aftermath by not immediately disciplining the transgressions that were factually established, barred the victim access to an educational opportunity or benefit; and that further, Defendant Moravian had, but failed to exercise substantial control over the Defendant attackers, Cash-Mabry and Diaz and had actual knowledge that the continued presence and interaction of these two Defendants with the Plaintiff Jane Doe was continuing to cause further physical and emotional stress to the Plaintiff depriving her of her educational opportunity and benefits.

58.     As a direct and proximate result and substantial factor this failure to act and in deliberate indifference in the wake of these violent sexual assault caused the Plaintiff all of the damages set forth in paragraphs 43 through 49 of this Complaint.

59.     Any and all commissions and/or omissions, practices and policies of Defendant Moravian as set forth above, collectively constitute violations of Title IX, 20 U.S.C.A. §1681, which prohibits sexual hostile climates in schools.

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant Moravian for an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs and reasonable attorneys' fees.

14

## COUNT III

### CLAIM UNDER TITLE IX (20 U.S.C.A. §1681) BEFORE CLAIM FOR HOSTILE COLLEGIATE ENVIRONMENT
### PLAINTIFF JANE DOE V. DEFENDANT MORAVIAN COLLEGE

#### JANE DOE

#### vs.

#### MORAVIAN COLLEGE

60.     Plaintiff incorporates by reference paragraphs one through fifty nine, as though same were set forth fully and at length herein.

61.     Title IX (20 U.S.C.A. §1681), provides in subsection (a), Subject to certain exceptions, that "(n)o person in the United States shall on the basis of sex be excluded from participation in, be denied the benefits of, or be subject to discrimination under any Education Program or activity receiving Federal Financial Assistance," where the Plaintiff, as Student, was sexually abused and harassed by the Defendant assailants.

62.     Plaintiff Jane Doe believes and therefore avers that Defendant Moravian had actual notice (and itself allowed to exist) a long standing, extremely hostile sexual environment of rape on its campus.

63.     Plaintiff Jane Doe believes and therefore avers that Defendant Moravian prior to 2016 based upon data reported under the Federal Clearly Act out of 66 schools reporting in Pennsylvania that Defendant Moravian had the fourth highest total of rapes per thousand at 3.6.

64.     Plaintiff believes and therefore avers that Defendant Moravian was aware that the majority of rapes and sexual assaults occurred in the first few weeks of school year, a period known as the "Red Zone" and that Defendant Moravian knew or should have known of this fact.

15

65.     Plaintiff believes and therefore avers that Defendant Moravian may have been aware of a higher level of sexual assault and rape by male athletes committed upon Defendant Moravian students and that such conduct was ignored and not addressed in any meaningful fashion by Defendant Moravian.

66.     Plaintiff believes and therefore avers that Defendant Moravian knew of the propensity of assault and has responded inadequately with deliberate indifference in either a pattern of failing to report such incidents, or effectively investigate such incidents.

67.     Plaintiff believes and therefore avers that the Defendant Moravian has failed to implement appropriate disciplinary measures, or in some cases, any discipline at all, for violations of campus policies with regard to student athletes, which relate to an environment that is conducive to sexual assault and rape.  Among these activities as engaged in in this case are underage drinking, sexting and texting of explicit sexual materials without consent of people contained in the imaging, non-sexual assaults and other crimes and that the Defendant Moravian has been aware of and condoned, ignored or failed to adequately discipline this student athlete behavior.

68.     Plaintiff believes and therefore avers that the provision of the dormitories such as the "football house" described above fosters a fraternity like atmosphere wherein the Defendant Moravian failed to discipline or in any other way sanction the residents of the "football house" for conducting unauthorized parties, and in particular, parties at which intoxicating beverages were commonly provided to minors in violation of Defendant Moravian policies.

69.     In addition to the improper response to allegations of athlete misconduct the Defendant Moravian has engaged in other practices that actually foster the creation of a sexually

16

hostile environment and make female Moravian students vulnerable to sexual assault. In particular, the Defendant Moravian's athletic department has engaged in a pattern of encouraging parties with underage drinking to benefit the program including the recruiting of athletes.

70.     Plaintiff believes and therefore avers that the Defendant Moravian's athletic departments are not Clery compliant and that that omission further fosters the rape culture among athletes.

71.     Plaintiff believes and therefore avers that Defendant Moravian does an inadequate orientation of students regarding the dangers of rape on Defendant Moravian's campus and sexual assault on Defendant Moravian's campus, as well as not mandatorily providing Clery statistics, but rather providing these materials to students "only upon request".

72.     Plaintiff believes and therefore avers that Defendant Moravian has not launched effective campus wide mandatory programing on sexual assault prevention; Red Zone education and bystander training, to properly inform matriculated students of the dangers of sexual assault on the Defendant's campus.

73.     Plaintiff believes and therefore avers that Defendant Moravian's athletics department may have interfered with and covered up allegations of misconduct by the Defendant Moravian athletes/assailants in the aftermath of the sexual assault on Plaintiff Jane Doe.

74.     Plaintiff believes that despite the evidence of actual violation of Defendant Moravian's policies regarding the sexting images, the unauthorized party, and underage drinking that no substantive or disciplinary action was taken by Defendant Moravian against these offenders in deliberate indifference to this culture of rape and sexual assault.

75.     As a direct and proximate result and substantial factor this failure to act and deliberate indifference in the wake of the violent sexual assault culture the Plaintiff was caused all the damages set forth in paragraphs 43 through 49 of this Complaint.

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant Moravian for an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs and reasonable attorneys' fees.

### COUNT IV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### UNDER PENNSYLVANIA COMMON LAW
### JANE DOE
#### vs.
### MORAVIAN COLLEGE

76.     Plaintiff incorporates by reference paragraphs one through seventy five, as though same were set forth fully and at length herein.

77.     Defendant Moravian by allowing the hostile collegiate environment to continue to exist between the original reporting to Defendant Moravian's campus security and up until the Plaintiff's transfer to another college, by refusing any reasonable accommodation to the Plaintiff concerning the continued presence of the violent sexual predator Defendants, Cash-Mabry and Diaz, to be in the presence of Plaintiff without any discipline whatsoever was acting intentionally and recklessly, beyond all possible bounds and decency and said Defendant's conduct is regarded as atrocious and utterly intolerable in a civilized society.

78.     Defendant Moravian's action in not disciplining the Defendants Cash-Mabry and Diaz by and through their agents, servants and employees and minimizing the Defendant's

18

conduct apart from the violent sexual assault (sexting, texting, transmitting images, underage drinking) constitutes actions taken intentionally and/or recklessly beyond all possible bounds and decency, and said Defendant's conduct is regarded as atrocious and utterly intolerable in a civilized society.

79.     As a direct and proximate result of the above-described occurrence and as a substantial factor in the bringing about the damages to the Plaintiff Jane Doe, Plaintiff suffered a severe infliction of emotional distress and embarrassment, past, present and future.

80.     As a direct and proximate result of the above-described occurrence and as a substantial factor in the bringing about the damages to the Plaintiff Jane Doe, the acts of the Defendant Moravian and its agent, servant and employees, the Plaintiff lived in continual fear of physical harm and severe emotional distress because of the presence of the violent, sexual predators Defendants Cash-Mabry and Diaz.

81.     As a direct and proximate result of the above-described occurrence and as a substantial factor in the bringing about the damages to the Plaintiff Jane Doe, the acts of the Defendant Moravian and its agent, servant and employees, the Plaintiff Jane Doe suffered shock and injury to her nerves and nervous system and other severe and serious injuries, all of which are or may be permanent in nature.

82.     As a direct and proximate result of the above-described occurrence and as a substantial factor in the bringing about the damages to the Plaintiff Jane Doe, the acts of the Defendant Moravian and its agent, servant and employees, the Plaintiff Jane Doe suffered and will continue to suffer embarrassment, emotional distress and anguish, and loss of the enjoyment of life.

83.     At all times material hereto, the Defendant Moravian and their agents, servants

and employees, willful misconduct, as heretofore set forth in this Complaint, was a part of an

ongoing pattern of discrimination, and were continuing violations of the Plaintiff's rights leading

to a compounding of damages as set forth heretofore.

84.     Plaintiff Jane Doe hereby demands punitive damages against the Defendant

Moravian, based upon these outrageous and/or reckless acts believed to have been accompanied

by bad motives and/or with a reckless indifference to the interest and welfare of the Plaintiff Jane

Doe.

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Honorable Court enter

judgment in her favor and against the Defendant Moravian for an amount in excess of Fifty

Thousand ($50,000.00) Dollars, together with punitive damages.

**COUNT V**

**COMMON LAW NEGLIGENCE**

**JANE DOE**

**V.**

**DEFENDANT MORAVIAN COLLEGE**

85.     Plaintiff incorporates by reference paragraphs one through eighty four, as though

same were set forth fully and at length herein.

86.     Plaintiff Jane Doe was a business invitee of the Defendant Moravian upon her

matriculation at that institution.

87.     Plaintiff believes and therefore avers that as a business invitee the Defendant

Moravian had a duty to provide protection and methods to safe guard the Plaintiff Jane Doe and

20

other female students from the foreseeability of violent assaults such as the Plaintiff Jane Doe

endured; said duty being established under both Federal and State Laws.

88.     Plaintiff incorporates herein by reference all the negligence, intentional and

deliberately indifferent acts set forth heretofore in this Complaint.

89.     Plaintiff believes and therefore avers that the preparation for and provision of

such safeguards should be greater than that provided by a homeowner for their guests under

Pennsylvania Law.

90.     Plaintiff believes and therefore avers that under a business invitee relationship the

Defendant Moravian had a duty to warn students of the danger of potential sexual assaults on

campus on women and to further instruct and educate all students of said danger.

91.     As a direct and proximate result of the negligent acts of the Defendant Moravian,

the Plaintiff has suffered all of the damages set forth heretofore in this Complaint, as though set

forth fully and at length herein.

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Honorable Court enter

judgment in her favor and against the Defendant Moravian for an amount in excess of Fifty

Thousand ($50,000.00) Dollars.

## SECOND CAUSE OF ACTION
## COUNT I
## ASSAULT AND BATTERY

## JANE DOE
## V.
## DEFENDANT CASH-MABRY

92.     Plaintiff incorporates by reference paragraphs one through ninety one, as though same were set forth fully and at length herein.

93.     Plaintiff believes and therefore avers that the Defendant Cash-Mabry intentionally attempted by force to do an injury to her person; to wit, commit a forceable acts of penetration (vaginally and orally) upon the Plaintiff without her consent.

94.     Plaintiff believes and therefore avers that the Defendant as set forth heretofore committed battery upon her in a violent manner without her consent by actually penetrating her orally and vaginally on August 25, 2017.

95.     As a direct and proximate result and as a substantial factor in the bringing about the injuries to the Plaintiff, the Plaintiff Jane Doe suffered all the injuries and damages set forth heretofore in this Complaint as through same were set forth fully and at length herein.

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant Cash Mabry for an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with punitive damages.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER PENNSYLVANIA COMMON LAW

### JANE DOE

### V.

### DEFENDANT CASH-MABRY

96.     Plaintiff incorporates by reference paragraphs one through ninety five, as though same were set forth fully and at length herein.

97.     Defendant Moravian by allowing the hostile collegiate environment to continue to exist between the original reporting to Defendant Moravian's agent, servant and employees, while Plaintiff Jane Doe was in attendance at Defendant Moravian, by refusing any reasonable accommodation to the Plaintiff concerning the continued presence of the violent sexual predator Defendant Cash-Mabry on the campus without disciplining him as set forth heretofore was regarded as atrocious and utterly intolerable in a civilized society.

98.     Defendant Cash-Mabry's actions in continuing contacts with the Plaintiff after this violent sexual assault continued actions taken intentionally and/or recklessly beyond all possible bounds and decency, and said Defendant Cash-Mabry's conduct is regarded as atrocious and utterly intolerable in a civilized society.

99.     Defendant Cash-Mabry's participation in texting about this incident as well as participating in the electronic transmission of images from the assault, were acts taken intentionally and/or recklessly, and constitute acts beyond all possible bounds and decency and said Defendant's conduct was continuous and regarded as atrocious, and utterly intolerable in a civilized society.

100.    As a direct and proximate result of the above-described occurrence and as a substantial factor in the brining about the damages to the Plaintiff Jane Doe, Plaintiff suffered a severe infliction of emotional distress and embarrassment, past, present and future.

101.    As a direct and proximate result of the above-described occurrence and as a substantial factor in the brining about the damages to the Plaintiff Jane Doe, the acts of the Defendant Cash-Mabry, the Plaintiff lived severe emotional distress because of the presence of

23

the violent, sexual predator Defendant Cash-Mabry, up until her transfer from Defendant Moravian.

102.    As a direct and proximate result of the above-described occurrence and as a substantial factor in the brining about the damages to the Plaintiff Jane Doe, the acts of the Defendant Cash-Mabry, the Plaintiff Jane Doe suffered shock and injury to her nerves and nervous system and other severe and serious injuries, all of which are or may be permanent in nature.

103.    As a direct and proximate result of the above-described occurrence and as a substantial factor in the brining about the damages to the Plaintiff Jane Doe, the acts of the Defendant Cash-Mabry, the Plaintiff Jane Doe suffered and will continue to suffer embarrassment, emotional distress and anguish, and loss of the enjoyment of life.

104.    At all times material hereto, the Defendant Cash-Mabry's willful misconduct, as heretofore set forth in this Complaint, was a part of an ongoing pattern of discrimination, and were continuing violations of the Plaintiff's rights leading to a compounding of damages as set forth heretofore.

105.    Plaintiff Jane Doe hereby demands punitive damages against the Defendant Cash-Mabry, based upon these outrageous and/or reckless acts believed to have been accompanied by bad motives and/or with a reckless indifference to the interest and welfare of the Plaintiff Jane Doe.

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant Cash-Mabry for an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with punitive damages.

### THIRD CAUSE OF ACTION

### COUNT I

### ASSUALT AND BATTERY

### JANE DOE

### V.

### DEFENDANT DIAZ

106.   Plaintiff incorporates by reference paragraphs one through one hundred five, as though same were set forth fully and at length herein.

107.   Plaintiff believes and therefore avers that the Defendant Diaz intentionally attempted by force to do an injury to her person; to wit, commit a forceable acts of penetration (vaginally and orally) upon the Plaintiff without her consent.

108.   Plaintiff believes and therefore avers that the Defendant as set forth heretofore committed battery upon her in a violent manner without her consent by punching her in the face and actually penetrating her orally and vaginally on August 25, 2017.

109.   As a direct and proximate result and as a substantial factor in the bringing about the injuries to the Plaintiff, the Plaintiff Jane Doe suffered all the injuries and damages set forth heretofore in this Complaint as through same were set forth fully and at length herein.

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant Diaz for an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with punitive damages.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### UNDER PENNSYLVANIA COMMON LAW

#### JANE DOE

#### V.

#### DEFENDANT DIAZ

110.    Plaintiff incorporates by reference paragraphs one through one hundred nine, as though same were set forth fully and at length herein.

111.    Defendant Moravian by allowing the hostile collegiate environment to continue to exist between the original reporting to Defendant Moravian's agent, servant and employees, while Plaintiff Jane Doe was in attendance at Defendant Moravian, by refusing any reasonable accommodation to the Plaintiff concerning the continued presence of the violent sexual predator Defendant Diaz on the campus without disciplining him as set forth heretofore was regarded as atrocious and utterly intolerable in a civilized society.

112.    Defendant Diaz's actions in continuing contacts with the Plaintiff after this violent sexual assault continued actions taken intentionally and/or recklessly beyond all possible bounds and decency, and said Defendant Diaz's conduct is regarded as atrocious and utterly intolerable in a civilized society.

113.    Defendant Diaz's participation in texting about this incident as well as participating in the electronic transmission of images from the assault, were acts taken intentionally and/or recklessly, and constitute acts beyond all possible bounds and decency and said Defendant's conduct was continuous and regarded as atrocious, and utterly intolerable in a civilized society.

26

114. As a direct and proximate result of the above-described occurrence and as a substantial factor in the brining about the damages to the Plaintiff Jane Doe, Plaintiff suffered a severe infliction of emotional distress and embarrassment, past, present and future.

115. As a direct and proximate result of the above-described occurrence and as a substantial factor in the brining about the damages to the Plaintiff Jane Doe, the acts of the Defendant Diaz, the Plaintiff lived severe emotional distress because of the presence of the violent, sexual predator Defendant Diaz, up until her transfer from Defendant Moravian.

116. As a direct and proximate result of the above-described occurrence and as a substantial factor in the brining about the damages to the Plaintiff Jane Doe, the acts of the Defendant Diaz, the Plaintiff Jane Doe suffered shock and injury to her nerves and nervous system and other severe and serious injuries, all of which are or may be permanent in nature.

117. As a direct and proximate result of the above-described occurrence and as a substantial factor in the brining about the damages to the Plaintiff Jane Doe, the acts of the Defendant Diaz, the Plaintiff Jane Doe suffered and will continue to suffer embarrassment, emotional distress and anguish, and loss of the enjoyment of life.

118. At all times material hereto, the Defendant Diaz's willful misconduct, as heretofore set forth in this Complaint, was a part of an ongoing pattern of discrimination, and were continuing violations of the Plaintiff's rights leading to a compounding of damages as set forth heretofore.

119. Plaintiff Jane Doe hereby demands punitive damages against the Defendant Diaz, based upon these outrageous and/or reckless acts believed to have been accompanied by bad motives and/or with a reckless indifference to the interest and welfare of the Plaintiff Jane Doe.

27

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant Diaz for an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with punitive damages.

## FOURTH CAUSE OF ACTION

### COUNT I

### ASSAULT AND BATTERY

### JANE DOE

### V.

### DEFENDANT HARRIS

120.    Plaintiff incorporates by reference paragraphs one through one hundred nineteen, as though same were set forth fully and at length herein.

121.    Plaintiff believes and therefore avers that the Defendant Harris intentionally attempted by force to do an injury to her person; to wit, commit a forceable acts of penetration (vaginally and orally) upon the Plaintiff without her consent.

122.    Plaintiff believes and therefore avers that the Defendant Harris as set forth heretofore committed battery upon her in a violent manner without her consent by actually penetrating her orally and vaginally on August 25, 2017.

123.    As a direct and proximate result and as a substantial factor in the bringing about the injuries to the Plaintiff, the Plaintiff Jane Doe suffered all the injuries and damages set forth heretofore in this Complaint as through same were set forth fully and at length herein.

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant Harris for an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with punitive damages.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER PENNSYLVANIA COMMON LAW

**JANE DOE**

**V.**

**DEFENDANT HARRIS**

124.    Plaintiff incorporates by reference paragraphs one through one hundred twenty three, as though same were set forth fully and at length herein.

125.    Defendant Moravian by allowing the hostile collegiate environment to continue to exist between the original reporting to Defendant Moravian's agent, servant and employees, while Plaintiff Jane Doe was in attendance at Defendant Moravian, by refusing any reasonable accommodation to the Plaintiff was regarded as atrocious and utterly intolerable in a civilized society.

126.    Defendant Harris' actions concerning the Plaintiff after this violent sexual assault were taken intentionally and/or recklessly beyond all possible bounds and decency, and said Defendant Harris' conduct is regarded as atrocious and utterly intolerable in a civilized society.

127.    Defendant Harris' participation in texting about this incident as well as participating in the electronic transmission of images from the assault, were acts taken intentionally and/or recklessly, and constitute acts beyond all possible bounds and decency and

29

said Defendant's conduct was continuous and regarded as atrocious, and utterly intolerable in a civilized society.

128.    As a direct and proximate result of the above-described occurrence and as a substantial factor in the brining about the damages to the Plaintiff Jane Doe, Plaintiff suffered a severe infliction of emotional distress and embarrassment, past, present and future.

129.    As a direct and proximate result of the above-described occurrence and as a substantial factor in the brining about the damages to the Plaintiff Jane Doe, the acts of the Defendant Harris, the Plaintiff lived with severe emotional distress.

130.    As a direct and proximate result of the above-described occurrence and as a substantial factor in the brining about the damages to the Plaintiff Jane Doe, the acts of the Defendant Harris, the Plaintiff Jane Doe suffered shock and injury to her nerves and nervous system and other severe and serious injuries, all of which are or may be permanent in nature.

131.    As a direct and proximate result of the above-described occurrence and as a substantial factor in the brining about the damages to the Plaintiff Jane Doe, the acts of the Defendant Harris, the Plaintiff Jane Doe suffered and will continue to suffer embarrassment, emotional distress and anguish, and loss of the enjoyment of life.

132.    At all times material hereto, the Defendant Harris' willful misconduct, as heretofore set forth in this Complaint, was a part of an ongoing pattern of discrimination, and were continuing violations of the Plaintiff's rights leading to a compounding of damages as set forth heretofore.

133.    Plaintiff Jane Doe hereby demands punitive damages against the Defendant Harris, based upon these outrageous and/or reckless acts believed to have been accompanied by

bad motives and/or with a reckless indifference to the interest and welfare of the Plaintiff Jane Doe.

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant Harris for an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with punitive damages.

JOHN R. VIVIAN, JR.
I.D. No. 34459
831 Lehigh Street
Easton, PA 18042
(610) 258-6625
jrvivian@verizon.net

ADAM D. MESHKOV
I.D. No. 94856
830 Lehigh Street
Easton, PA 18042
(610) 438-6300
adm@meshkovbreslin.com

ELEANOR M. BRESLIN
I.D. No. 93914
830 Lehigh Street
Easton, PA 18042
(610) 438-6300
adm@meshkovbreslin.com
emb@meshkovbreslin.com

**Attorneys for Plaintiff**

31

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| JANE DOE, | ) | No.  C-0048-CV-2019-7701 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MORAVIAN COLLEGE, ROLAND CASH- | ) | |
| MABRY, ROBERTO DIAZ, and | ) | |
| DOMINIC HARRIS a/k/a DOM HARRIS, | ) | |
| Individually and Jointly, | ) | CIVIL ACTION |
| Defendants. | ) | JURY TRIAL DEMANDED |

## **VERIFICATION**

John R. Vivian, Jr., Esquire, attorney for the Plaintiff, verify that the statements made within the same are true and correct to the best of his knowledge, information and belief, and as attorney for the Plaintiffs he is best qualified to execute the foregoing, and he understands that any false statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Dated: 12/13/2019

JOHN R. VIVIAN, JR.
I.D. #34459
831 Lehigh Street
Easton, PA  18042
(610) 258-6625