# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANE DOE,
   Plaintiff,

v.     Civil No. 5:20-cv-00377-JMG

MORAVIAN COLLEGE, *et al.*,
   Defendants.

## MEMORANDUM OPINION

**GALLAGHER, J.**                             **November 4, 2020**

Plaintiff Jane Doe, a college freshman, contends that she was sexually assaulted on her college campus by fellow students and their guest. She brings this action against her alleged attackers, for the assault, and against the college, for not protecting her. *See* ECF No. 4 (Amended Complaint). Before me is a motion to dismiss brought by one of the individual defendants who argues that the allegations of rape and subsequent intimidation of the victim plaintiff are insufficient to support a claim of intentional infliction of emotional distress against him.[1] *See* ECF No. 7. The Court disagrees and for the reasons that follow, the defendant's motion is denied.

## I.  FACTUAL BACKGROUND[2]

Plaintiff Jane Doe began the night of August 24, 2017, celebrating the conclusion of the Moravian College cheerleading team's preseason. ECF No. 4 ¶ 12. The team, including Doe, ate

---

[1] Throughout this memorandum opinion, the Court has refrained from referring to the moving defendant's given name considering he has filed a motion to proceed in pseudonym and that motion remains pending. *See* ECF No. 31.

[2] The following summary is based on the factual allegations contained in the amended complaint. For purposes of deciding this motion, the allegations are presumed to be true and are considered in the light most favorable to the plaintiff.

dinner at a nearby restaurant and then went to the "cheerleading house" on campus. *Id.* ¶ 19. At the cheerleading house, Doe drank some alcoholic beverages. *Id.* ¶ 20. Around 11:40 p.m., Doe and some of the other cheerleaders left the cheerleading house to attend a party at the "football house." *Id.* ¶ 21. When she arrived at the football house, Doe was feeling dizzy and sick. *Id.* ¶ 23. She was provided with a sealed bottle of water that she drank and had refilled five or six times. *Id.* To her knowledge, she did not drink any alcohol at this party. *Id.* ¶ 22. The two non-moving individual defendants—one a student at Moravian College and the other a guest—approached Doe and offered to walk her back to her dorm room. *Id.* ¶¶ 9, 11, 24.

During the walk back to her dorm, Doe indicated that she needed to use a bathroom. *Id.* ¶ 25. The non-moving individual defendants offered one of their dorm rooms, and Doe agreed. *Id.* She believes that the non-moving individual defendants then communicated with the moving defendant to inform him that Doe was going to the dorm room. *Id.* ¶ 26. They also "suggested, inferred, or alluded to their intent to have 'three some'" with Doe and invited the moving defendant to participate. *Id.*

Once in the dorm room, all three individual defendants, including the moving defendant, raped Doe and videotaped the assault. *Id.* ¶¶ 27–31, 33. While she does not remember "the full encounter," Doe does remember moments from it, including the moving defendant "pulling her hair, hitting her and using excessive force." *Id.* ¶ 29. Doe never consented to the sexual assault, and she believes that she lacked the capacity to consent, either due to intoxication or "unknown ingestion of drugs." *Id.* ¶ 31.

Immediately following the assault, Doe remembers going to a nearby bathroom to cry and wanting to leave. *Id.* ¶ 32. When she exited the bathroom, one of the non-moving individual defendants was waiting for her in the hallway to tell her that he was going to walk her back to

2

her dorm. *Id.* During the walk back to her room, Doe believes that she had a conversation with him about whether there was any video recording of the assault. *Id.* ¶ 36. She was assured that there was no such recording. *Id.* However, Doe believes that the individual defendants did in fact record portions of the rape. *Id.* ¶ 33. They then electronically sent these videos to other students at Moravian College, without Doe's permission, and texted with these other students that night and into the next day about the assault. *Id.* ¶ 34, 37, 39.

The next morning Doe woke up and started to remember portions of the assault from the night before. *Id.* ¶ 41. She then reported the rape to her Resident Advisor and campus security. *Id.* ¶ 42. Subsequently, both the Bethlehem Police Department and Moravian College began investigating the incident. *Id.* ¶ 44. For the duration of Moravian College's investigation, the individual defendants were directed not to contact Doe. *Id.* ¶ 47. Despite this directive, the moving defendant interacted with Doe on multiple occasions: (1) when Doe was leaving a dining area, she saw the moving defendant with a group of his friends who were "yelling things towards her"; (2) the moving defendant stood directly behind Doe while she was in line to pay at the cafeteria; and (3) the moving defendant participated in a football game, despite being prohibited from attending, at which Doe was cheering, and he walked into the area of the field where she was cheering to shake hands with the opposing team. *Id.* ¶ 48–49, 51.

Based on conversations with Defendant Moravian College's Title IX director and the coordinator of student affairs, Doe became "disillusioned with the process" and decided to withdraw her Title IX complaint and transfer to a different college. *Id.* ¶ 55.

## II.  STANDARD OF REVIEW

A complaint may be dismissed for failing to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must contain

factual allegations that sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Facial plausibility means that when accepting the complaint's factual allegations as true and in the light most favorable to the plaintiff, a "reasonable inference" may be drawn that "the defendant is liable for the misconduct alleged." *See id.*

At the motion to dismiss stage, the issue is not whether the plaintiff will prevail in the end but whether the complaint rises to the level that is "sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). The Third Circuit has set forth a three-step framework for determining the sufficiency of a complaint. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court should take "note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678–79). Second, the court must "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678–79); *see also Iqbal* 556 U.S. at 678 (explaining that courts need not accept as true legal conclusions or conclusory statements unsupported by the facts). Third, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Santiago*, 629 F.3d at 130 (quoting *Iqbal*, 556 U.S. at 678–79).[3] A court must "draw on its judicial experience and common sense" to make this context-specific determination. *Iqbal*, 556 U.S. at 686.

### III. DISCUSSION

The moving defendant contends that the complaint lacks sufficient factual allegations to sustain an intentional infliction of emotional distress claim against him and therefore the claim

---

[3] When deciding a motion to dismiss, courts generally can only consider the allegations contained in the complaint, any attached exhibits, and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

should be dismissed.[4] ECF No. 7-2, at 7–9. He points to the section of the amended complaint devoted to the intentional infliction of emotional distress count against him, noting that it primarily focuses on his communications about the assault and his actions after the assault. *Id.* He argues that those allegations alone fail to establish an intentional infliction claim. *Id.* In her response, Doe suggests that she more than adequately pleaded a plausible claim of intentional infliction of emotional distress claim, referencing factual allegations made throughout the amended complaint including those detailing the sexual assault. ECF No. 9-1, at 5–6. After careful consideration, the Court agrees with Doe and finds that the complaint properly states a claim for intentional infliction of emotional distress against the moving defendant.

To state a claim for intentional infliction of emotional distress under Pennsylvania law, the plaintiff must allege facts that establish that (1) the defendant's conduct was "extreme and outrageous," (2) it was "intentional or reckless," (3) it caused emotional distress, and (4) the emotional distress was severe.[5] *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir. 1979) (en banc); *see also Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650, 652 (Pa. 2000) ("One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." (quoting RESTATEMENT (SECOND) OF TORTS § 46(1))). Conduct rises to the "extreme and outrageous" level if it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa.

---

[4] The moving defendant does not challenge the assault and battery claim against him in his motion. ECF No. 7; *see also* ECF No. 4, at ¶¶ 132–35.

[5] Pennsylvania courts also require a showing of "some type of resulting physical harm due to the defendant's outrageous conduct." *See Reedy v. Evanson*, 615 F.3d 197, 231 (3d Cir. 2010) (quoting *Swisher v. Pitz*, 868 A.2d 1228, 1230 (Pa. Super. 2005)) (quotation marks omitted). The parties do not dispute the sufficiency of Doe's allegations of physical harm in her amended complaint.

5

1998) (quoting *Buczek v. First Nat'l Bank of Mifflintown*, 531 A.2d 1122, 1125 (Pa. 1987)); *see also Kazatsky v. King David Mem'l Park, Inc.*, 527 A.2d 988, 991 (Pa. 1987) (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d).

Reviewing the factual allegations contained throughout the amended complaint,[6] Doe has more than sufficiently articulated a claim for intentional infliction of emotional distress against the moving defendant. Doe alleges that the moving defendant, along with the two other individual defendants, raped her. She describes the assault in detail, including allegations that the moving defendant pulled her hair and hit her. She alleges that the individual defendants recorded portions of the assault, sent the video to other classmates, and texted about the assault. Such conduct is "beyond all possible bounds of decency" and "utterly intolerable."

Accordingly, the Court finds that the moving defendant's conduct, as alleged in the amended complaint, was "extreme and outrageous" and intentionally or recklessly caused severe emotional distress.[7] Doe has, therefore, plausibly alleged a claim for intentional infliction of emotional distress, and the moving defendant's motion to dismiss must be denied.

---

[6] In his motion, the moving defendant only addresses the post-assault allegations contained in the complaint. ECF No. 7-2, at 8–9 (characterizing the factual allegations to support the intentional infliction of emotional distress claim as falling into two categories: (1) those related to communications about the assault, and (2) those related to violations of a "no contact" order). However, in construing the amended complaint in the light most favorable to Doe, the Court has considered all well-pleaded factual allegations, including details of the assault, contained in the amended complaint.

[7] To the extent the moving defendant contends that his alleged conduct was not intentional or reckless, the Court finds that Doe sufficiently pleaded this element of the claim. "Intentional" conduct involves "'knowledge on the part of the actor that *severe emotional distress is substantially certain to be produced by his conduct*.'" *Hoffman v. Mem'l Osteopathic Hosp.*, 492 A.2d 1382, 1386 (Pa. Super. 1985) (emphasis in original) (quoting *Forster v. Manchester*, 189 A.2d 147, 151 (Pa. 1963)); *see also Bryan v. Erie Cnty. Off. of Child. & Youth*, 861 F. Supp. 2d 553, 586 (W.D. Pa. 2012) (quoting *Hoffman*, 492 A.2d at 1386). "Reckless" conduct, on the other hand, is when the actor knows or has reason to know of "facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." RESTATEMENT (SECOND) OF TORTS § 500; *see also Jordan v. City of Phila.*, 66 F. Supp. 2d 638 (E.D. Pa. 1999) (citing to RESTATEMENT (SECOND) OF TORTS § 500).

As described above, Doe alleged, in the amended complaint, that the individual defendants, including the moving defendant, physically and sexually assaulted her, recorded the assault, and sent the video to other students.

## IV. CONCLUSION

For the foregoing reasons, the moving defendant's motion to dismiss the intentional infliction of emotional distress claim against him is **DENIED**.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

These allegations plausibly allege that the moving defendant's conduct intentionally or recklessly caused severe emotional distress.