IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>MORAVIAN COLLEGE, *et al.*,<br>　　　　　　Defendants. | :<br>:<br>:<br>:　Civil No. 5:20-cv-00377-JMG<br>:<br>:<br>: |

## ORDER

**AND NOW,** this 8th day of January, 2021, upon consideration of Plaintiff Jane Doe's motion for a protective order and leave to proceed in pseudonym (ECF No. 17), Defendant John Doe 1's response in opposition (ECF No. 24), Defendant John Doe 1's motion to proceed in pseudonym (ECF No. 31), and Plaintiff Jane Doe's notice that she does not oppose John Doe 1's motion (ECF No. 32), it is hereby **ORDERED** as follows:

1. Plaintiff Jane Doe's motion is **GRANTED.** She may continue to proceed in pseudonym and the docket shall continue to reflect her name as Jane Doe.[1]

---

[1] Plaintiff Jane Doe, a college freshman, alleges that she was sexually assaulted on her college campus by fellow students and their guest. She brings this action against her alleged attackers, for the assault, and against the college, for not protecting her. See ECF No. 4 (Amended Complaint). The plaintiff is seeking the Court's permission to continue litigating this matter under a pseudonym. ECF No. 17. Only one of the individual defendants opposes the motion but, in the alternative, requests that he be permitted to also use a pseudonym in this matter. ECF Nos. 24, 31.

　　Federal Rule of Civil Procedure 10(a) requires parties to identify themselves in their pleadings. *Doe v. Meglass*, 654 F.3d 404, 408 (3d Cir. 2011) (citing to Fed. R. Civ. P. 10(a)). "Courts have explained that [Rule 10(a)] illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). Part of the public nature of judicial proceedings is the identification of the parties. *See id.* ("Identifying the parties to the proceeding is an important dimension of publicness." (quoting *Blue Cross*, 112 F.3d at 872)). Therefore, a litigant's "use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings." *Id.* (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)).

　　Despite Rule 10(a)'s identification requirement, courts have the discretion to permit litigants to proceed anonymously "in exceptional cases." *See id.* The litigant must demonstrate that they have "a reasonable fear of severe harm that outweighs the public's interest in open judicial proceedings." *Id.* The Third Circuit has endorsed a

2. Defendant John Doe 1's motion is **GRANTED**. The individual defendants who joined that motion may also proceed in pseudonym.[2]

---

set of non-exhaustive factors when balancing these competing interests. *Id.* at 409. The factors that favor a litigant's request to proceed anonymously are:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997). The factors that weigh against a litigant's request for anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident Life*, 176 F.R.D. at 467). Considering the public's interest in open court proceedings, courts have found that there is "an independent duty to determine whether 'exceptional circumstances' warrant a departure from the normal method of proceeding' in federal litigation." *Freedom from Religion Foundation, Inc. v. New Kensington-Arnold School Dist.*, 2012 WL 6629643, at *3 (W.D. Pa. Dec. 19, 2012) (quoting *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)); *see also Doe v. County of Lehigh*, 2020 WL 7319544, at *3 (E.D. Pa. Dec. 11, 2020) (Leeson, J.).

After careful review, the Court finds that the factors balance in favor of permitting plaintiff to continue litigating this case under a pseudonym. Weighing in favor of pseudonymity are the plaintiff's attempts to keep her identity confidential; her fear of increased embarrassment, humiliation, and stigmatization as a rape victim that would compound the "severe emotional damage" caused by the alleged actions of the defendants if her identity was disclosed; the magnitude of the public interest in maintaining the confidentiality of the identities of sexual assault victims; her assertion that she will refuse to continue to pursue this litigation should she be precluded from using a pseudonym; the plaintiff's lack of illegitimate motive; and the fact that no public figure is involved in this litigation. The remaining factors, such as the universal level of public interest in access to the identities of litigants, do not outweigh the interests in favor of pseudonymity. For these reasons, the plaintiff's motion will be granted.

[2] Similarly, the factors weigh in favor of allowing the defendant to also proceed using a pseudonym. The Court recognizes his attempts to keep his identity confidential; the reason he seeks to avoid disclosure of his identity; the interest in maintaining his anonymity as he has not been criminally charged; the lack of opposition to his motion; and the unfairness that he maintains would result if the plaintiff could anonymously accuse him of sexual assault while he had to defend in his own name. These considerations outweigh any factors that disfavor the defendant's use of a pseudonym. Accordingly, the defendant's motion will also be granted; the other individual defendants who have requested to join in this motion will be allowed to proceed in pseudonym for substantially the same reasons.

3. The Clerk of Court is **DIRECTED** to change the caption of this matter to identify the individual defendants as John Doe 1, John Doe 2, and John Doe 3.

4. The parties permitted to proceed in pseudonym shall be referred to by their pseudonym in all future depositions, pleadings, and other documents related to this litigation and in all proceedings held before this Court.[3]

5. The parties permitted to proceed in pseudonym shall be available to the attorneys of record and in-house counsel of the defendants who shall not disclose or permit disclosure of their identities, except to their law partners, associates, and persons employed in the law offices of such attorneys.

6. Each person whom the identities of the parties permitted to proceed in pseudonym is disclosed pursuant to this Order shall agree in advance that they will not disclose the identities to any other person.

7. In the event that any party believes it is necessary in the prosecution or defense of the claims to disclose the identity of any party permitted to proceed in pseudonym to persons other than those specified in this Order, they shall communicate with all other parties and if an agreement cannot be reached in writing, the matter shall be determined by the Court.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[3] The parties have shown good cause for the protective order outlined above to enable them to proceed in pseudonym. *See Provident Life*, 176 F.R.D. at 469–70 (discussing relevant factors to this analysis).

3