## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:20-cv-00377-JMG |
| | : | |
| MORAVIAN COLLEGE, *et al*., | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 9th day of December, 2021, after consideration of Defendant's Motion to Dismiss (ECF No. 50), and Plaintiff's opposition thereto (ECF No. 51), **IT IS HEREBY ORDERED THAT** Defendant's Motion (ECF No. 50) is **DENIED**.[1]

---

[1]    In Count IV of her Second Amended Complaint, Plaintiff brings a negligence claim against Defendant Moravian College. Sec. Am. Compl. ¶¶ 101-111, ECF No. 49. Plaintiff alleges that her sexual assault was foreseeable, that Defendant had a duty to take security measures to prevent the assault, and that Defendant had a duty to ensure those measures were followed. *Id.* at ¶¶ 104, 107-109. Defendant now moves to dismiss the negligence claim. Motion to Dismiss Count IV ("MTD"), ECF No. 50.

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The elements of negligence, under Pennsylvania law, are that (1) the defendant owed the plaintiff a duty of care, (2) that duty was breached, (3) the breach resulted in the plaintiff's injuries, and (4) the plaintiff suffered an actual loss or damages. *Collins v. Phila. Suburban Development Corp*., 179 A.3d 69, 73 (Pa. Super. 2018) (citing *Merlini ex rel. Merlini v. Gallitzin Water Authority*, 980 A.2d 502, 506 (Pa. 2009)). Accordingly, where "there is no duty there can be no negligence." *M.D. v. Ski Shawnee, Inc.,* 2015 U.S. Dist. LEXIS 81392, at *15 (M.D. Pa. June 23, 2015).

Defendant Moravian College was Plaintiff's landlord. Although a landlord generally owes no duty to protect its tenants from the criminal conduct of other parties, an exception to this rule is recognized where the landlord establishes a program of security, the tenants reasonably rely upon it, and the landlord negligently carries out the program. *See Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984). Plaintiff has made allegations that fit this exception.

Under the 12(b)(6) standard, allegations do not need to conclusively establish claims; rather, the Court's obligation is merely to determine whether the allegations are plausible. *See White v. Bush,* No. 20-2059-KSM, 2021 WL 2255981, at *6 (E.D. Pa. June 3, 2021) (internal quotation marks and citation omitted). Plaintiff's allegations meet this standard. Plaintiff has adequately pled that Defendant established a security program by securing dorms with SCAN cards and the employment of a security force and resident advisors. MTD at 21. *See Feld* 485 A.2d at 747 ("A

BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

program of security is . . . an extra precaution such as personnel specifically charged to patrol and protect the premises.").

      Plaintiff has also adequately pled that the threat of sexual violence was foreseeable insofar as Defendant kept its own records of sexual assaults on campus and "had the fourth highest total of rapes [in Pennsylvania] per thousand." Sec. Am. Compl. ¶ 69. Also, Plaintiff has averred that it is statistically known "that the vast majority of campus related sexual assaults and rapes occur during the first weeks of the fall semester" as in this case. *Id.* at ¶ 14. Further, "Defendant Moravian, aware of these statistics failed to provide any education or instruction." Sec. Am. Compl. ¶ 16. *See Doe v. Allegheny Coll.,* No. CV 20-212, 2021 WL 4479709, at *8 (W.D. Pa. Sept. 30, 2021) (the court found sufficient allegations of duty at the motion to dismiss stage when plaintiff alleged that the college knew or should have known that sexual assault was a foreseeable risk based on statistics and defendant's own record of prior reports of sexual assaults).

      Given the voluntary security measures taken by the Defendant and the foreseeability of a potential sexual assault, the court concludes that Plaintiff has provided sufficient allegations to show that the Defendant landlord was under a legally recognizable duty to protect their tenants against criminal or violent intrusion. *See Johnson v. Goldstein*, 864 F. Supp. 490, 494 (E.D. Pa. 1994).

      Accordingly, upon viewing the allegations in the light most favorably to Plaintiff the Court finds she states a claim for negligence sufficient to satisfy Rule 12(b)(6).